## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

ESMA Chemicals, Inc.

v.

Norfolk Dental Laboratories, Inc.

October 21, 1982

Case No. (Law) 13,131

By JUDGE GEORGE W. VAKOS

After a review of the evidence and the authorities cited by Mr. Roussos on behalf of the plaintiff, I am of the opinion that:

1. Evidence of one telephone solicitation in this state for the sale of merchandise by a foreign corporation without any evidence regarding the nature of the plaintiff's business, or the extent of its total sales to sales in Virginia, is not sufficient for the court to find that the plaintiff was "transacting business" in Virginia as contemplated by § 13.1-119 of the Code of Virginia, which requires a foreign corporation transacting business in Virginia to obtain a certificate of authority prior to maintaining a suit in this state.

2. Section 11-2.2 of the Code of Virginia adopted in 1970 does not violate the due process clause of the Constitution. This section merely provides that the sender of unsolicited goods is deemed to have made a gift of those goods to the recipient and does not involve confiscation of property as alleged by the plaintiff.

The plaintiff's argument that the Statute is overbroad and makes no exception for goods sent by error or misunderstanding, or for shipment between those customarily transacting business also is without merit. The Statute applies

to offers for sale of goods, wares, or merchandise not actually ordered or requested by the recipient.

If there was evidence to support an allegation of error or misunderstanding, a reasonable interpretation of the Statute would be that this was not an offer. Also, if the evidence supports an allegation that this sales method was customary between the plaintiff and defendant his retaining the merchandise would amount to an acceptance of the offer.

The only evidence before the court was that of the defendant, who testified that when solicited by telephone he refused the offer and subsequently after receipt of the merchandise notified the plaintiff to pick it up. He further testified that thereafter it remained in his place of business uncrated for two months prior to his use of the goods, and that when U.P.S. arrived to pick it up approximately three months after receipt he had disposed of the shipping cartons.

It is therefore my opinion that the defendant was not obligated to return the unsolicited merchandise upon receipt and in accordance with § 11-2.2 of the Code of Virginia could dispose of it or use it without any obligation to pay for it.